UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:  
VICTORIA MARTIN RICOLCOL

Case No. 15-41507

**Chapter 13 Plan**

Debtor(s).

FILED LM
MAY 2 6 2015 9:15 AM
BANKRUPTCY COURT
OAKLAND, CALIFORNIA

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) will pay to the Trustee the sum of $ 1,550.00 each month for 60 months. Unless all allowed claims are paid in full, this Plan shall not be completed in fewer than 36 months from the first payment date. Debtor(s) elect a voluntary wage order. 0.00 .

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:
   (a) On allowed claims for expenses of administration required by 11 USC §507 (a)(1) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

| Name | Value of Collateral | Estimated Mortgage/Lease Arrears | Minimum Monthly Payments (If specified) | Interest Rate (If Specified) |
|---|---|---|---|---|
| WELLS FARGO HM MG | $809,560.00 | $855,978.00 | $1,500.00 | |
| INDYMAC MORTGAGE | | $137,250.00 | $50.00 | |

[The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the monthly installments and the interest rates shown above. If the monthly payment is not specified, secured creditors will share pro rata. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. Secured creditors will retain their liens until their allowed secured claims have been paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of paragraph 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 USC § 507.
   (d) On allowed general unsecured claims the debtor(s) estimate(s) the general unsecured claims will be paid _____ %.

3. The following executory contracts are rejected. The debtor(s) waive the protections of the automatic stay provided in 11 U.S.C. § 362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

| Name | Monthly Payment | Name | Monthly Payment |
|---|---|---|---|
| | | | |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The debtor(s) elect to have property of the estate revest in the debtor(s) upon plan confirmation. Once the property revests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b):

Dated: 5/26/2015     _Victoria Martin Ricolcol_     _____
                              (Debtor)                      (Debtor)

I/We _____ am/are legal counsel for the above named debtors(s) and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., San Francisco and Oakland Divisions, Model Chapter 13 Plan (October 2001), promulgated pursuant to B.L.R. 1007-1.

_____<br>Attorney for Debtor(s)